**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

UNITED STATES OF AMERICA,

              Plaintiff,

    v.

DAVID SIDOO, *et al*.,

              Defendants.

Crim. No. 19-cr-10080-NMG

### DEFENDANT ELISABETH KIMMEL'S RESPONSE TO THE GOVERNMENT'S SUPPLEMENTAL MEMORANDUM REGARDING TRIAL GROUPINGS

Defendant Elisabeth Kimmel, by and through her counsel, respectfully submits this response to the government's Supplemental Memorandum Regarding Trial Groupings (ECF No. 867), filed two days before the February 27, 2020 status conference and fifteen days after Mrs. Kimmel's filing (ECF. No. 847).

The government seems to suggest—in stark contrast to its initial filing (ECF No. 799)—that the defendants should not be severed for trial at all.  But this Court and the government have acknowledged that it will be necessary to sever the trials of the remaining parent-defendants as a practical matter, as is often the case in multi-defendant, high-profile prosecutions.  *See, e.g.*, *United States v. Recines-Garcia*, Case No. 15-cr-10338-FDS, Preliminary Order of Severance (ECF No. 1037) (Apr. 6, 2017) (severing the defendants for trial for "purposes of manageability"); *id.*, Further Order of Severance (ECF No. 2137) (Mar. 9, 2018).  If any defendants are going to be tried together, they should be grouped in a way that minimizes—rather than exacerbates—the risk of prejudicial, reversible error.  It is perplexing that the government, perhaps because it wants to gain an unfair advantage, would not want to minimize such risks too.  If the defendants' assessment

of the infirmities in both the Fourth Superseding Indictment (the "Indictment") (ECF No. 732) and the government's evidence, previewed below, is correct, failure to take such protective steps will almost certainly result in an unwieldy trial with constant jury instructions and prejudice so substantial that it could amount to a miscarriage of justice and warrant reversal of any of the defendants' convictions upon appeal.

<u>Grouping of Defendants for Trial is Premature at this Time</u>

The government's supplemental filing only further emphasizes why grouping the defendants at this juncture is premature.  Through its supplemental filing, the government seeks to have the Court effectively adjudicate the issue of whether the government has improperly charged and impermissibly joined the defendants in the Indictment before the issues have been formally presented to the Court and fully briefed as a Rule 12 motion to dismiss.  The Court set an April 1, 2020 deadline for the filing of such motions.  Mrs. Kimmel and other defendants intend to file a motion to dismiss, or in the alternative to sever, pursuant to Federal Rules of Criminal Procedure 8 and 12(b)(3)(B)(i), (iv), and (v), because the government has impermissibly joined several putative offenses into a single count (each of the three conspiracy counts), and impermissibly joined several defendants into a single case where, on the face of the Indictment, they are not even alleged to have engaged in the same series of acts or transactions constituting an offense or offenses.

<u>Prior to Grouping in the Defendants for Trial the Court Should Adjudicate the Forthcoming Motions pursuant to Fed. R. Crim. P. 8 and 12</u>

As previewed in Mrs. Kimmel's Response to the Government's Memorandum Regarding Trial Groupings (ECF No. 847), the Indictment alleges a "rimless wheel" hub and spoke conspiracy.  The prejudice resulting from such a charge is virtually presumptive: "The dangers of transference of guilt from one to another, across the line separating conspiracies, subconsciously

or otherwise, are so great that no one really can say prejudice to a substantial right has not taken place." *Kotteakos v. United States*, 328 U.S. 750, 774 (1946). Several federal courts have therefore taken this sensible approach and dismissed indictments under Rule 12(b)(3)(B)(i) when confronted with conspiracy charges that were insufficient on their face. *See, e.g.*, *United States v. Eury*, 2015 U.S. Dist. LEXIS 53338, at *23 (M.D.N.C. Apr. 23, 2015) (dismissing charge of conspiracy to defraud the United States where indictment reflected at least two distinct agreements, separated in time and by actors, methods, and goals); *United States v. Jackson*, 926 F. Supp. 2d 691, 706 (D.N.C. 2013) (dismissing conspiracy charge against two defendants); *United States v. Munoz-Franco*, 986 F. Supp. 70, 71, 73 (D.P.R. 1997) (dismissing two conspiracy counts charging multiple defendants with conspiracy to commit three different offenses against the United States, because each count actually alleged within it "at least two conspiracies," or two "wholly separate alleged scheme[s]," as evidenced by the fact that the indictment's "description of the overt acts [for one of the conspiracy counts] [was] neatly divided between two distinct sets of co-conspirators").

The government's filing confuses this challenge to the legal sufficiency of the Indictment—which requires either dismissal or severance—with the prejudicial joinder standard required for severance under Federal Rule of Criminal Procedure 14. Although Mrs. Kimmel seeks dismissal of the Indictment for this misjoinder, in the alternative, severance of the defendants along the lines of the two or three schemes alleged in the Indictment would reduce the prejudice to Mrs. Kimmel and the other defendants. *See United States v. Natanel*, 938 F.2d 302, 306 (1st Cir. 1991); *see also, e.g.*, *United States v. Gentile*, 60 F.R.D. 686, 688 (E.D.N.Y. 1973); *United States v. Potashnik*, 2008 U.S. Dist. LEXIS 102299, at *56 (N.D. Tex. Dec. 17, 2008); *United States v. Marlinga*, 2005 U.S. Dist. LEXIS 3156, at *25-27 (E.D. Mich. Feb. 28, 2005); *United*

*States v. Lugo*, 269 F. Supp. 757, 757-58 (E.D. Wis. 1967); *United States v. Charnay*, 211 F. Supp. 904, 907-08 (S.D.N.Y. 1962).

Mrs. Kimmel also intends to file a Rule 14 motion for severance, but that motion is not yet ripe because the government continues to provide exculpatory evidence, and the defendants continue to develop their defenses.[1]   It is at that juncture—not now—that Mrs. Kimmel will need to show "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

In any event, there is ample precedent within this District for severance for the reasons preliminarily articulated in Mrs. Kimmel's prior Response (ECF No. 847), and to be developed more fully in Mrs. Kimmel's Rule 12 motion to dismiss and Rule 14 motion to sever. *See, e.g.*, *United States v. Webb*, 827 F. Supp. 840, 841 (D. Mass. 1993) (Gorton, J.) (severing two groups of defendants because the indictment alleged "[t]wo separate and distinct conspiracies, involving different participants," where the only common denominators between the two conspiracies were the object of the conspiracies and an overlapping member); *see also, e.g.*, *United States v. Green*, 324 F. Supp. 2d 311, 325 (D. Mass. 2004) (severing the defendants for trial in part "[f]or reasons of judicial economy, fairness, and manageability," and in part to address antagonistic defenses

---

[1]     For example, on February 26, 2020, the government for the first time produced 309 pages of "notes" from Mr. Singer's iPhone, and indicated that it would be producing the remainder of Mr. Singer's iPhone content "shortly."  February 26, 2020 Letter from E. Rosen to Counsel.  The very first page of these "notes" provides evidence undercutting the government's theory that the parent-defendants knew and understood that the monies they sent to the schools and coaches were "bribes" rather than donations to the schools' athletic programs.  For example, Mr. Singer wrote on October 2, 2018: "Loud and abrasive call with agents.  They continue to ask me to tell a fib and not restate what I told my clients as to where there [sic] money was going –to the program not the coach and that it was a donation and they want it to be a payment."  As discussed in Mrs. Kimmel's prior Response (ECF No. 847), the government continues to produce evidence like this that bears directly on the defendants' defenses.

identified by two defendants); *United States* v. *Rendle*, Case No. CR 85-149-T, 1985 U.S. Dist. LEXIS 17120, at *5 (D. Mass. Aug. 6, 1985) (severing two groups of defendants because the indictment alleged two conspiracies, one to defraud the United States/commit mail fraud and one to obstruct justice, because the objectives of the conspiracies and the identity of their participants were different, and the conspiracies did not constitute a "series of acts or transactions constituting an offense or offenses"); *United States v. Abrahams*, 466 F. Supp. 522, 554 (D. Mass. 1978) (severing trial of one defendant from that of the others because he held a unique role in the alleged conspiracy).

Both of the cases cited in the government's filing—*United States v. DeCologero*, 530 F.3d 36 (1st Cir. 2008)[2/] and *United States v. Flores-Rivera*, 56 F.3d 319 (1st Cir. 1995)—are appellate decisions affirming the trial judge's decision not to sever defendants charged with conspiracy for separate trials under Rule 14.  These decisions looked backwards to what actually happened, not forward to what is likely to occur.  As is already previewed by the defendants' responses to the government's proposed groupings for trial, as well as the briefings on the various motions filed by several different defendants to compel discovery currently pending before the Court, no matter how the defendants are divided, there will be issues of prejudicial spillover and evidentiary limitations that will require constant vigilance to reduce the risk of prejudicial error.

For these reasons, Mrs. Kimmel respectfully requests that the Court decline the government's implicit invitation to adjudicate legal issues that have not yet been briefed, and instead to adopt, as a tentative framework, the proposal offered by Mrs. Kimmel that presents a more practical and less prejudicial path.

---

[2/]      *DeCologero* involved a RICO conspiracy, and therefore is distinguishable from the conspiracy charges alleged here.

Dated: February 26, 2020

Respectfully submitted,

/s/ *R. Robert Popeo*
R. Robert Popeo (BBO # 403360)
Mark E. Robinson (BBO # 423080)
Eóin P. Beirne (BBO # 660885)
Cory S. Flashner (BBO # 629205)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
AND POPEO, P.C.
One Financial Center
Boston, MA  02111
(617) 348-1605 (telephone)
(617) 542-2241 (fax)
rpopeo@mintz.com
mrobinson@mintz.com
ebeirne@mintz.com
csflashner@mintz.com

**Counsel for Elisabeth Kimmel**


## CERTIFICATE OF SERVICE

I, Eóin P. Beirne, counsel for the Defendant, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF, and paper copies will be sent to those indicated as non-registered participants on February 26, 2020.

/s/ *Eóin P. Beirne*