UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ELISABETH KIMMEL,<br><br>Defendant | Case No. 1:19-cr-10080-NMG-13 |

**ELISABETH KIMMEL'S MOTION PURSUANT TO 28 U.S.C. § 455(a)
FOR RECUSAL OF THE DISTRICT JUDGE**

Elisabeth Kimmel respectfully moves this Court to recuse itself from consideration of her pending Motion under 28 U.S.C. § 2255 to Vacate or Set Aside her Conviction and Sentence ("Motion to Vacate"). ECF No. 2749. This Court recently reassigned the post-conviction proceedings of one of Mrs. Kimmel's co-defendants, John Wilson. The same grounds for recusal and reassignment apply to Mrs. Kimmel's post-conviction proceedings.

28 U.S.C. § 455(a) requires that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The First Circuit explained that "[t]he very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *In re United States*, 441 F.3d 44, 68 (1st Cir. 2006) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988)). The standard under Section 455(a) is "whether an objective, reasonable member of the public, 'fully informed of all relevant facts, would fairly question the judge's impartiality.'" *Id.* at 56–57 (quoting *In re United States (Franco)*, 158 F.3d 26, 31 (1st Cir. 1998)). "Furthermore, under the recusal standard, any reasonable doubts about the partiality of the judge ordinarily are to be resolved in favor of recusal." *Id.* at 56. "The standard does not

1

depend on a showing of actual bias. It requires that there be no reasonable question, in any informed person's mind, as to the impartiality of the judge. Under § 455(a), 'what matters is not the reality of bias or prejudice but its appearance,' and 'quite simply and quite universally, recusal [is] required whenever impartiality might be questioned.'" *Id.* at 68 (quoting *Liteky v. United States*, 510 U.S. 540, 548 (1994) (internal quotation marks and citations omitted)).

## I. The public attention on the "Varsity Blues" cases and appellate issues warrants reassignment.

In cases involving an "unusual amount of publicity," judges in this District have reassigned cases "in the interest of justice." *United States v. Mavroules*, 798 F. Supp. 61, 62–63 (D. Mass. 1992) (while the U.S. Attorney's request for reassignment did "not fit neatly into any of the traditional theories requiring or warranting recusal," reassignment was appropriate based on the U.S. Attorney's "pragmatic analysis," including that the case would "receive an unusual amount of publicity" and leave the process "open to questioning . . . as to whether the playing field was a level one or not"). Mrs. Kimmel's arrest, indictment and the details of her case were widely covered in the media. She joined motions which elicited rulings from this Court that were overturned or questioned by the Court of Appeals on review of Mr. Wilson's conviction; those rulings concerned the very issues raised by Mrs. Kimmel's pending motion. For these same reasons, this Court granted the motion for recusal from presiding over post-conviction proceedings for Mr. Wilson, despite the Court's determination that recusal was not required by the Local Rules. In so ruling, this Court "conclude[d] that reassignment of [the] case to another district judge is in the interest of justice particularly because of the notoriety of the case, the publicity associated with its trial and appeal and the need to assure not only the fairness of the proceedings but also the appearance thereof." *United States v. Wilson*, ECF No. 2689, at 2 (Order), Case No. 19-cr-10080-LTS-17 (D. Mass. July 12, 2023). The same reasons warrant reassignment here.

**II.     Recusal is appropriate to enable a different judge to determine the impact of an incorrect dispositive ruling on Mrs. Kimmel's plea.**

Mrs. Kimmel's Motion to Vacate stems from an incorrect ruling of law by this Court as to the property requirement of wire fraud. That ruling so infected her decision to plead guilty and the process of her plea itself as to require that her conviction be vacated. The impact of that ruling on the remainder of her prosecution and her decision-making in that process necessitates a neutral review by a different district judge to fairly evaluate how the incorrect ruling permeated her plea, the voluntariness of her plea, the plea hearing itself, and Rule 11's requirements of a sufficient legal and factual basis for the Court's acceptance of her guilty plea. For the avoidance of any reasonable doubt as to the impartiality of the process, recusal is warranted.

WHEREFORE Mrs. Kimmel respectfully requests that the Court grant this motion and reassign these post-conviction proceedings to another session of this District.

Respectfully submitted,

ELISABETH KIMMEL

By her attorneys,

*/s/ Eóin P. Beirne*
Eóin P. Beirne (BBO #660885)
Andrew N. Nathanson (BBO #548684)
Mathilda S. McGee-Tubb (BBO #687434)
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000
EPBeirne@mintz.com
ANNathanson@mintz.com
MSMcGee-Tubb@mintz.com


Barry A. Bohrer (Pro Hac Vice)
Kerime S. Akoglu (BBO # 694314)
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
919 Third Avenue
New York, NY 10022
(212) 935-3000
BBohrer@mintz.com
KSAkoglu@mintz.com

Dated: February 23, 2024

4

## LOCAL RULE 7.1 CERTIFICATION

Undersigned counsel certifies that, on February 23, 2024, counsel for Defendant Elisabeth Kimmel conferred with counsel for the government, and the government will oppose the Motion.

/s/ *Eóin P. Beirne*
Eóin P. Beirne

## CERTIFICATE OF SERVICE

I, Eóin P. Beirne, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 23, 2024.

/s/ *Eóin P. Beirne*
Eóin P. Beirne