United States District Court
District of Massachusetts

|  |  |
|---|---|
| **Elisabeth Kimmel,** ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> **United States of America,** ) <br> ) <br> Respondent. ) <br> ) | **Criminal Action No.** <br> **19-10080-NMG** |

**MEMORANDUM & ORDER**

**GORTON, J.**

The pending motion of petitioner, Elizabeth Kimmel ("Kimmel"), for recusal of the presiding district judge (Docket No. 2755) arises out of her petition for habeas corpus recently filed pursuant to 28 U.S.C. § 2255 to vacate her criminal conviction. For the reasons that follow, the motion to recuse will be denied.

I. **Background**

   **A. Facts**

While the facts of this case have been often rehearsed, the Court will briefly reiterate the pertinent facts. In January, 2020, Kimmel was indicted for conspiracy to commit mail and wire fraud and honest services mail and wire fraud (Count One) and conspiracy to commit federal programs bribery (Count Two).

-1-

The charges arose from an alleged conspiracy in which Kimmel worked with purported college counselor William "Rick" Singer ("Singer") to enable her children to obtain admission to Georgetown University ("Georgetown") and the University of Southern California ("USC"), respectively, through fraud.

According to the presentence report ("PSR"), Kimmel paid Singer over $500,000 in the form of "donations" to Singer's sham charity. In exchange, Singer facilitated admission of Kimmel's otherwise underqualified children through the so-called "side door" of athletic recruitment, in one case by the Georgetown tennis team and in the other by the USC track team. Her children did not competitively compete in those sports.

Nonetheless, Kimmel's children were, respectively, presented to the Georgetown and USC admissions committees as recruited athletes and were admitted to those colleges on that basis. Had it not been for the fraudulent representations, it is unlikely they would have been admitted.

**B. Procedural Background**

After her indictment, Kimmel moved to dismiss Count One contending, as she does now, that admissions slots are not property cognizable under the wire and mail fraud statutes. The Court denied the motion.

In August, 2021, Kimmel and the government entered into a binding plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C)

("C plea"). Under the C plea, the government agreed to dismiss Count Two, federal programs bribery, in return for the entry of a guilty plea on Count One by Kimmel and a waiver of her appellate rights. The parties jointly recommended a sentence of six weeks of incarceration, 12 months of home detention, one year of supervised release, a $250,000 fine and 500 hours of community service.

Shortly thereafter, Kimmel participated in a Rule 11 colloquy and pled guilty to Count One. At her sentencing hearing, in December, 2021, the Court accepted the C-plea and the agreed upon sentence was imposed accordingly.

## II. **Motion for Recusal**

Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

Courts assess motions under § 455(a) by determining whether

> the charge of lack of impartiality is grounded on facts that would create a reasonable doubt concerning the judge's impartiality

from the perspective of an objectively reasonable and knowledgeable member of the public. United States v. Voccola, 99 F.3d 37, 42 (1st Cir. 1996) (quoting United States v. Cowden, 545 F.2d 257, 265 (1st Cir. 1976)). The assessment considers the perspective of a person who knows the full facts at issue.

Furthermore, there is an equal obligation upon a judge not to recuse himself when there is no good reason to do so. See In re Union Leader Corp., 292 F.2d 381, 391 (1st Cir. 1961) (citations omitted).  There is a high threshold to demonstrate that recusal is warranted, see United States v. Sampson, 148 F.Supp.3d 75, 87 (D. Mass. 2015) (citation omitted), and it is presumed that "a judge will put personal beliefs aside and rule according to the laws as enacted, as required by his or her oath." Id. (quoting In re Aguinda, 241 F.3d 194, 204 (2d Cir. 2001)).

Here, the recusal motion is predicated on 1) the considerable media attention drawn to the case 2) the fact that Kimmel joined motions of co-defendants that later proved to be successful in the First Circuit Court of Appeals ("First Circuit") and 3) the decision by the subject judge to recuse himself from the re-sentencing of defendant John Wilson, who was charged in the same case.

The government opposes recusal.  It contends that the legal basis for Kimmel's § 2255 motion was not addressed by the First Circuit and that recusal in the Wilson case was based on a local rule not applicable here.

The substance of the § 2255 motion before the Court is that college admissions slots do not constitute property under the wire or mail fraud statutes, and thus, petitioner purportedly

-4-

pled guilty to conduct that did not constitute a federal crime. Kimmel's motion relies primarily on the recent United States Supreme Court decision in Ciminelli v. United States, 598 U.S. 306 (2023), which was decided approximately three years after the entry of her plea. The partial reversal of this Court's decision by the First Circuit in United States v. Abdelaziz et al., 68 F.4th 1 (1st Cir. 2023), does not bear upon petitioner's motion for recusal. This Court has an obligation to apply faithfully binding U.S. Supreme Court doctrine and it will do so here.

Nor does the judge's decision to recuse himself in the Wilson case bear on the present motion. In that case, defendant had successfully appealed most of his conviction and the First Circuit remanded the case. Because the government dismissed claims still pending on remand, Local Rule 40.1(k)(2) (now Local Rule 40.1(l)(2)) applied. That rule directs reassignment unless retaining the case would result in both substantial time savings and there is "no reason" in the interest of justice why proceedings should not be conducted before a new judge. While the Wilson case was a close call for reassignment, the high interest-of-justice bar, together with the presumption of reassignment, informed the result in that case.

By contrast, with respect to a motion to recuse, the default position is not to recuse unless there are facts that

-5-

would suggest reasonable doubt as to the Court's impartiality. Kimmel raises no such doubts. While the case has attracted media attention, albeit less than the Wilson case, that fact alone is insufficient to warrant recusal in these circumstances.

Also unlike the Wilson case, the present action was not remanded by the First Circuit because Kimmel pled guilty on the advice of competent counsel. Now, she would like to rescind that decision and get a second bite of the apple. The case, however, has been before this session since indictment without interruption or reason to call into question the Court's impartiality. The motion is fraught with judge-shopping, something Congress expressly sought to deter by enacting the recusal statute. See H.R. Rep. No. 93-1453 (1974), 1974 U.S.C.C.A.N. §§ 6351, 6355 ("[E]ach judge must be alert to avoid the possibility that those who would question his impartiality are in fact seeking to avoid the consequences of his expected adverse decision."); see also Rosenberg v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 976 F. Supp. 84 (D. Mass. 1997). The motion will be denied.

-7-

**ORDER**

For the foregoing reasons, the motion of petitioner, Elisabeth Kimmel, for recusal of the district judge (Docket No. 2755) is **DENIED**.

**So ordered.**

                                                /s/ Nathaniel M. Gorton
                                                Nathaniel M. Gorton
                                                United States District Judge

Dated:  April 10, 2024