United States District Court
District of Massachusetts

|  |  |
|---|---|
| United States of America<br><br>v.<br><br>Elisabeth Kimmel,<br><br>Defendant. | Criminal Action No.<br>19-10080-NMG |

## MEMORANDUM & ORDER

**GORTON, J.**

In December, 2022, this Court denied the motion of Elisabeth Kimmel ("Kimmel" or "petitioner") to vacate her sentence under 28 U.S.C. § 2255. (Docket No. 2749). In January, 2025, Kimmel moved for a certificate of appealability, pursuant to 28 U.S.C. § 2253. (Docket No. 2769). For the following reasons, that motion will be denied.

## I.  Background

In January, 2020, Kimmel was indicted for conspiracy to commit mail and wire fraud and honest services mail and wire fraud, in violation of 18 U.S.C. § 1349 (Count One) and conspiracy to commit federal programs bribery, in violation of 18 U.S.C. § 3771 (Count Two). The charges arose from an alleged conspiracy in which Kimmel worked with purported college counselor William "Rick" Singer ("Singer") fraudulently to obtain admission for her two children to Georgetown University

- 1 -

("Georgetown") and the University of Southern California
("USC"), respectively.

Kimmel moved to dismiss Count One, contending that
admissions slots are not properly cognizable under the wire and
mail fraud statutes.  The Court denied that motion.  In August,
2021, Kimmel and the government entered into a binding plea
agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C) ("C Plea").
Under the C Plea, the government agreed to dismiss Count Two in
return for entry of a guilty plea on Count One by Kimmel and
waiver of her rights to appeal.  The parties jointly recommended
a sentence of six weeks of incarceration, two years of
supervised release with 12 months of home detention, a $250,000
fine and 500 hours of community service.  At her sentencing
hearing in December, 2021, the Court accepted the C plea and
imposed the agreed-upon sentence.

In February, 2024, Kimmel filed motions to vacate her
sentence and for the presiding judge to recuse himself.  Both
motions were denied.  Kimmel now moves for a certificate of
appealability of the denial of her motion to vacate.

II.  **Motion for Certificate of Appealability**

   A. **Legal Standard**

Section 2253(c) of Title 28 of the United States Code
provides that a certificate of appealability may issue "only if
the applicant has made a substantial showing of the denial of a

constitutional right." To make a "substantial showing", a

petitioner seeking such a certificate must demonstrate that

> reasonable jurists could debate whether (or, for that
> matter, agree that) the petition should have been
> resolved in a different manner or that the issues
> presented were adequate to deserve encouragement to
> proceed further.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).  To meet the

standard of debatable-among-jurists-of-reason, the petitioner

must prove "something more than the absence of frivolity or the

existence of mere good faith." Miller-El v. Cockrell, 537 U.S.

322, 338 (2003).

## B. Application

Reasonable jurists would not debate whether Kimmel's motion

to vacate should have been decided differently.

Kimmel asserts the same three arguments in favor of

issuance of a certificate of appealability that she did in her

underlying §2255 motion: 1) her guilty plea was neither

voluntary nor intelligent because it was premised on an invalid

legal theory, 2) she was convicted under an invalid fraud theory

and 3) she is not bound by the waiver clause in the plea

agreement.

### i.   Kimmel's Guilty Plea

Kimmel contends that her conviction violates the Due

Process Clause of the Fifth Amendment because she pled guilty

based on incorrect legal information about the scope of the

- 3 -

fraud statutes.  Specifically, she asserts that she was erroneously convicted under the "right to control" theory of fraud, which the Supreme Court invalidated in its 2023 decision Ciminelli v. United States, 598 U.S. 306, 143 S. Ct. 1121 (2023).  This Court, in denying petitioner's §2255 motion, found that her plea was constitutionally valid because her conviction was not solely premised on the now-invalidated right to control theory, but also on a traditional property fraud theory.  The Supreme Court decision in Ciminelli does not disturb fraud convictions based upon schemes involving the fraudulent acquisition of tangible property or economically valuable property.  Rather, it precludes convictions based solely on depriving victims of their ability to make informed economic decisions.  Accordingly, no reasonable jurist would debate the correctness of this Court's ruling.

The record clearly reflects that the government pursued a traditional property fraud theory, asserting that Kimmel's actions deprived universities of a limited, valuable resource, admissions slots, by means of fraudulent misrepresentations and bribery.  Given the Supreme Court's long-standing recognition that property fraud extends beyond mere financial losses to include tangible valuable resources, Kimmel has not demonstrated that her plea was involuntary or that her conviction is constitutionally defective.

## ii.  Basis of Petitioner's Conviction

Kimmel further contends that reasonable jurists could disagree on whether her conviction was based solely on the right-to-control theory or whether it also rested on a valid property fraud theory.  Specifically, she argues that, because the government primarily relied on the right-to-control theory throughout the litigation, her conviction cannot be sustained under a theory that was not clearly articulated at the time of her plea.

This Court previously rejected that argument, emphasizing that the indictment expressly alleged that Kimmel conspired to obtain money and property, including admission to universities. In addition, the government's recitation of facts at her Rule 11 hearing described university admissions decisions as valuable assets, consistent with traditional property fraud. Consequently, the record does not support her contention.

## iii. Enforceability of the Waiver Clause in Petitioner's Plea Agreement

Finally, Kimmel contends that reasonable jurists could debate whether she is bound by the waiver clause in her plea agreement.  In denying her §2255 motion, the Court held that Kimmel knowingly and voluntarily waived her right to challenge her conviction.  Kimmel argues that, even if she entered into the waiver knowingly, reasonable jurists could find that her

plea was unconstitutional because it was based on a legal theory that was later declared invalid. Her argument once again asks a reviewing court to ignore the multiple explicit articulations by the government that her charges and convictions rested upon two independent theories of fraud, one of which remains unblemished in the wake of <u>Ciminelli</u>. No reasonable jurist would ignore those articulations.

Accordingly, the Court finds that reasonable jurists would not debate the enforceability of petitioner's waiver clause.

### ORDER

For the foregoing reasons, petitioner's motion for a certificate of appealability (Docket No. 2769) is **DENIED**.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated: March 19, 2025